COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


DONNIE McNEIL DOTSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1410-02-2            JUDGE RUDOLPH BUMGARDNER, III
                                                        OCTOBER 21, 2003
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Thomas N. Nance, Judge

           Gregory W. Franklin, Assistant Public Defender (Office of the
           Public Defender, on briefs), for appellant.

           Josephine Whalen, Assistant Attorney General (Jerry W. Kilgore,
           Attorney General; H. Elizabeth Shaffer, Assistant Attorney General,
           on brief), for appellee.


        Donnie McNeil Dotson appeals his conviction of attempted breaking and entering, Code

§ 18.2-91.  The defendant maintains the evidence failed to prove he attempted to enter the

particular building specified in the indictment.  Finding the variance between the charge and the

proof fatal, we reverse the conviction.

        The indictment charged the defendant with attempting to break and enter "the

shop/business of K&M Furniture Repair, located at 2216 Hull Street."  The evidence included

the testimony given at a pretrial hearing on a motion to suppress.  At that hearing, the owner

testified he saw the defendant attempt to break into his place of business.  At trial, the owner

testified he owned "S&K Antique" on Hull Street.  No other evidence described the property the

defendant attempted to break and enter.  The defendant moved to strike the evidence arguing the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth failed to prove he attempted to break "into the business of K&M Furniture Repair." The trial court denied the motion to strike and convicted him of the charge.

An indictment is a written charge against the defendant advising him of the nature and character of the offense charged against him. Code § 19.2-220. "[T]he proof must correspond with the particular charge." Ronald J. Bacigal, Virginia Criminal Procedure § 17-9, at 385 (4th ed. 1999). In this case, the Commonwealth charged the defendant attempted to break and enter K&M Furniture Repair; it proved he attempted to break and enter S&K Antique. No evidence suggested that they were one and the same store, nor that they were located at the address stated in the indictment, 2216 Hull Street. The evidence did not prove the crime charged, and the Commonwealth made no effort to have the indictment amended to conform to the evidence, and no amendment was made.[1]

In Etheridge v. Commonwealth, 210 Va. 328, 329, 171 S.E.2d 190, 191 (1969), the indictment alleged the defendant shot "'at or into a dwelling house, to-wit: the residence of Edna Harper located at Route 2, Box 224, Galbush Road, Chesapeake, Virginia.'" The proof at trial showed the incident occurred at the home of Alberta Riddick. The Court held the variance between the indictment and the proof was fatal. It was unnecessary to prove who owned the dwelling, but by making the allegation in the indictment, the Commonwealth "had the burden of establishing that fact." Id. at 330, 171 S.E.2d at 191.

In Etheridge, the Commonwealth proved the address of the dwelling, but that was not sufficient when it proved a different owner from the one alleged in the indictment. In this case,

---

[1] "[I]f there shall appear to be any variance between the allegations [in the indictment] and the evidence offered in proof thereof, the court may permit amendment of such indictment . . . at any time before the jury returns a verdict . . . provided the amendment does not change the nature or character of the offense charged." Code § 19.2-231. "Amendments which correct defects . . . in the location . . . of the offense are liberally allowed." Bacigal, *supra*, § 13-7, at 268.

the evidence proved neither the name of the business nor the address alleged in the indictment. The Commonwealth proved a different offense than the one charged. It proved the defendant attempted to break into S&K Antique, but it had charged he attempted to break into K&M Furniture Repair at 2216 Hull Street. "A variance is fatal . . . when the proof is different and irrelevant to the crime defined in the indictment and is, therefore, insufficient to prove the commission of the crime charged." Hawks v. Commonwealth, 228 Va. 244, 247, 321 S.E.2d 650, 651-52 (1984). The evidence did not prove the charge. Accordingly, we reverse the defendant's conviction and dismiss the indictment.

Reversed and dismissed.